UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTY GONSALEZ-CAMPOS,<br><br>　　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | 4:17-CV-04127-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION |

Movant, Christy Gonsalez-Campos, filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Civ. Docket 1.[1] The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Gonsalez-Campos's motion be dismissed. Civ. Docket 29.

Magistrate Judge Duffy recommends dismissal because Gonsalez-Campos has not shown ineffective assistance of counsel. Magistrate Judge Duffy found that pre-plea decisions are not cognizable in a § 2255 claim and Gonsalez-Campos has shown no prejudice as to the plea. Gonsalez-Campos also argues that her attorney was ineffective for failing to raise pretrial release issues on her behalf, but Magistrate Judge Duffy found that Gonsalez-Campos raised those issues several times on her own behalf and was denied pretrial

---

[1] The court will cite to "Civ." when citing to documents filed in Gonsalez-Campos's civil § 2255 case and will cite to "CR" when citing to documents filed in Gonsalez-Campos's criminal case found at 4:15-cr-40120.

release because Gonsalez-Campos was appearing on a writ and was not in federal custody.

Gonsalez-Campos objects to the report and recommendation. Civ. Docket 31. She claims that she was not aware that the money was related to a firearm and instead thought it was for the sale of a vacuum cleaner. As a result, she claims her husband was at fault, but she was actually innocent. *Id.* at 2. Gonsalez-Campos also claims that her husband, David Gonsalez-Campos, threatened and intimidated her and made her plead guilty. *Id.* at 3.

In her statement of factual basis, Gonsalez-Campos stated:

> From on or about March 31, 2015, to on or about April 1, 2015, in the District of South Dakota, the Defendant, Cristina Dawn Griego, a/k/a Cristina Dawn Myers, knowingly aided and abetted the transfer of a firearm as defined by 26 U.S.C. § 5845(a)(1), namely, a Remington, Model 870 Express Magnum, 20 gauge shotgun, bearing serial number B868222U, with a barrel less than 18 inches long, which was not registered to anyone in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5841, in violation of 26 U.S.C. §§ 5861(e), 5845(a)(1) and 5871, and 18 U.S.C. § 2.
>
> A co-conspirator of the Defendant offered to sell the above-described shotgun to a confidential informant (CI) for $200. On March 31, 2015, the Defendant met with the CI in Sioux Falls, South Dakota about the purchase of the shotgun, which the Defendant knew was illegal to possess or sell. The Defendant told the CI her co-conspirator would not sell the firearm without another individual involved in the conspiracy being present. The Defendant assisted in making arrangements for the sale to be completed.
>
> On April 1, 2015, after the firearm was sold to the CI, a controlled payoff was executed where the CI gave the Defendant and another co-conspirator money for the firearm.

CR Docket 97. This factual basis statement was verified by Gonsalez-Campos as being true during the change of plea hearing and it was supplemented with additional facts. CR Docket 146 at 15. Thus, Gonsalez-Campos admitted during the change of plea hearing that she knew the transaction was about the sale of an illegal firearm and not the sale of a vacuum cleaner.

With regard to the voluntariness issue, during the change of plea hearing, the court asked Gonsalez-Campos whether anyone had attempted "in any way to force you to plead guilty today?" CR Docket 146 at 10. Gonsalez-Campos's response was "no, ma'am." *Id.* The court asked her if she was "pleading guilty of her own free will because [she believed she was] guilty?" *Id.* Gonsalez-Campos replied, "yes, ma'am." *Id.* Because Gonsalez-Campos testified under oath at her plea hearing that she committed the firearm offense and that she was pleading guilty of her own free will without threats or coercion, the plea was not involuntary. *See, e.g., United States v. Gray*, 152 F.3d 816, 820 (8th Cir. 1998).

After considering Gonsalez-Campos's objections to the report and recommendation, the court overrules the objections and adopts in full the report and recommendation of Magistrate Judge Duffy.

Before denial of a § 2255 motion may be appealed, a movant must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Gonsalez-Campos has not made a substantial showing that the district court's assessments of her claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Gonsalez-Campos's objections to the report and recommendation (Civ. Docket 31) are overruled.

2. The report and recommendation (Civ. Docket 29) is adopted in full. Gonsalez-Campos's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (Civ. Docket 1) is dismissed.

3. A certificate of appealability is not issued.

Dated October 29, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE